No.: 23-11810-C

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

CLEAN SWEEP PRODUCTS, INC.
Plaintiff-Appellant,

v.

CHAMPIONS OF CALHOUN, LLC
Defendant-Appellee.

On Appeal from the United States District Court
for the Northern District of Georgia, Rome Division
Case No.: 4:20-cv-00227-WMR
(Hon. William M. Ray, II)

## APPELLANT'S APPENDIX
## VOLUME VII

Ramsey A. Knowles
rknowles@knowlesgallant.com
Jared K. Hodges
jhodges@knowlesgallant.com
KNOWLES GALLANT TIMMONS LLC
6400 Powers Ferry Road – Suite 350
Atlanta, Georgia 30339
Telephone:  (404) 818-7330
Facsimile:   (404) 590-3687
*Counsel for Appellant Clean Sweep Products, Inc.*

# Index of Appendix

**Docket No.**

**Volume VII**

Order Granting Summary Judgment to Defendant ...................................................174

Judgment and Dismissal ............................................................................................175

Notice of Appeal .......................................................................................................176

Certificate of Service

# DOCUMENT 174

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| CLEAN SWEEP PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHAMPIONS OF CALHOUN, LLC, <br><br> Defendant. | CIVIL ACTION FILE NO. <br> 4:20-CV-00227-WMR |

## ORDER

Before the Court is Defendant Champions of Calhoun, LLC's Motion for Summary Judgment [Doc. 156]. After a hearing on the motion and reviewing the parties' arguments and the governing law, Defendant's motion is **GRANTED**.

**I.    Background**

This action arises out of a fire at a manufacturing facility operated by Plaintiff Clean Sweep Products, Inc. in a warehouse located in Calhoun, Georgia, and owned by Defendant. [Doc. 156-1 at 3; Doc. 158 at 2]. Plaintiff leased this warehouse for the purpose of manufacturing and storing sweep compound. [Doc. 156-2 at 3; Doc. 158-1 at 19]. Sweep compound is a cleaning product that is spread out on floors to limit airborne dust when the floors are swept. [Doc. 158-4 at 4]. This compound is

1

made of sawdust, but some versions of the compound use sawdust combined with oil. [Doc. 158-1 at 2].

Plaintiff first began leasing the property in July 2013 and entered into a new agreement in March of 2018. [Doc. 156-1 at 12–13; Doc. 158 at 3]. Sometime between March 2018 and 2019,[1] one of Plaintiff's employees damaged a pipe for the property's fire protection sprinkler system. [Doc. 156-1 at 8; Doc. 158 at 6]. This same employee then turned off the entirety of the sprinkler system to stop the flow of water to the damaged pipe. [Doc. 156-1 at 8–9; Doc. 158 at 6]. While the parties dispute when this occurred, it is undisputed that both parties were aware that the sprinkler system was damaged and inoperable. [Doc. 156-1 at 8, 10–11; Doc. 158 at 7].

What followed is a dispute about who was responsible for repairing the sprinkler system and what agreement controlled the parties' relationship and that responsibility. [*See* Doc. 156-1 at 13–18; Doc. 158 at 7–10]. Plaintiff asserts that the parties entered into a lease-purchase agreement in March of 2018. [Doc. 158 at 3; *see* Doc. 156-1 at 82]. Defendant claims the parties never entered into this agreement, but instead, asserts that they entered into a new lease agreement in March 2018—despite attaching to its motion a lease-purchase agreement dated March 2018

---

[1] While the timeline of this accident and the parties' respective knowledge of it is in dispute [Doc. 156-1 at 10; Doc. 158 at 6], this dispute of fact is not material because it does not affect the outcome of the case. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004).

2

signed by both parties. [Doc. 156-1 at 12–14, 82]. The parties do not dispute, however, that by March 2019 Plaintiff was behind in its lease payments to Defendant. [*Id.* at 13; Doc. 158-1 at 10]. In response, Defendant sent Plaintiff a letter stating that Defendant intended to terminate the lease or that Plaintiff could purchase the property. [Doc. 156-1 at 13; Doc. 158 at 5]. Plaintiff chose to purchase the property, and the parties began the sale process. [Doc. 156-1 at 13–14; Doc. 158 at 5–6]. However, the sale was never completed. [Doc. 156-1 at 13–14; Doc. 158 at 6].

The fire at issue in this case occurred at the property on September 8, 2019. [Doc. 156-1 at 3; Doc. 158 at 2]. The fire was reportedly so large that it required two fire departments and nearly 24 hours to extinguish. [Doc. 156-1 at 7]. It is undisputed that the sprinkler system was inoperable when the fire occurred. [Doc. 156-2 at 1–2; Doc. 158-1 at 3–4].

In response to the fire, Plaintiff filed this action asserting a negligence claim and a breach of contract claim against Defendant. [Doc. 68]. Plaintiff claims that Defendant was negligent because Defendant had a duty to repair the sprinkler system, and even if it didn't, that it had assumed the responsibility to repair the system. [*Id.* at 5–6; Doc. 158 at 8–10, 14]. Plaintiff alleges that Defendant breached this duty by failing to repair the sprinkler system before the fire. [Doc. 68 at 5–6; Doc. 158 at 8–10, 14]. Plaintiff also claims that Defendant breached a statutory duty because, lacking a controlling lease agreement, Plaintiff was allegedly a tenant at

3

will; Plaintiff asserts that Georgia law allocates this duty to repair to the landlord. [Doc. 158 at 14–15]. Lastly, Plaintiff claims that Defendant had a contractual duty to repair the sprinkler system because, if there was a controlling lease agreement, Defendant waived any requirement that Plaintiff repair the system when Defendant undertook the duty to repair it. [*Id.* at 16; Doc. 68 at 7]. Plaintiff alleges it sustained losses to both its equipment and products, and it would cost $1,930,000 to replace its damaged property. [Doc. 158 at 11]. Plaintiff asserts total damages of $3,196,800.79. [Doc. 68 at 6–7].

Defendant has now moved for summary judgment. [Doc. 156]. Defendant argues that there was a controlling lease agreement at the time of the fire and that such agreement mandates that it was Plaintiff's duty to repair the sprinkler system. [Doc. 156-1 at 19–20]. Defendant further asserts that Plaintiff's claims fail under Georgia's equal knowledge and assumption of the risk doctrines because Plaintiff was aware that the sprinkler system was damaged and took no action to repair it. [*Id.* at 20–23]. Defendant also argues that Plaintiff has failed to demonstrate to what extent the lack of a functioning sprinkler system caused the asserted damages [*Id.* at 23–25]. Defendant claims that the sole expert testimony in the case does not state whether a functioning sprinkler system would have reduced the damage, such that Plaintiff has failed to prove that the lack of a sprinkler system was a proximate cause of the damage. [*Id.* at 24–25]. Lastly, Defendant asserts that Plaintiff has failed to

4

prove its damages because Plaintiff seeks replacement value damages rather than market value damages. [*Id.* at 25–26].

The Court held a hearing on this motion on March 6, 2023. [Doc. 167]. At the hearing, the Court addressed whether the Plaintiff's claim that a functioning sprinkler system would have reduced the damage caused by the fire required expert testimony to allow the jury to calculate damages without speculation. [*Id.*] In response to this line of questioning, Plaintiff filed a motion requesting permission to provide supplemental briefing on the issues of damages and expert testimony. [Doc. 168]. The Court granted this motion [Doc. 170], and both parties have filed supplemental briefing on this issue [Docs. 172, 173].

## II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper when the record evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if evidence suggests a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004).

The moving party bears the burden of demonstrating that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the moving party carries the initial burden, then the burden shifts to the non-moving party to demonstrate that there is an issue of material fact that precludes summary judgment. *Id.* Then, summary judgment is only appropriate if the non-moving party fails to meet its burden of presenting evidence sufficient to create a genuine issue of material fact as to an essential element of its claim. *Celotex Corp.*, 477 U.S. at 323. On summary judgment, the Court views the evidence and any inferences that may be reasonably drawn in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–159 (1970).

**III. Discussion**

The parties dispute several issues related to this case, such as: whose duty it was to repair the sprinkler system [Doc. 156-1 at 19; Doc. 158 at 19]; what agreement controlled the parties' relationship at the time of the damage to the sprinkler system and later the fire [Doc. 156-1 at 13–14; Doc. 158 at 5–6]; and whether the parties had a binding agreement at the time of the fire [Doc. 158 at 7]. However, none of these disputes of fact or law prevent this Court from granting Defendant's motion for summary judgment. Defendant is entitled to relief because

6

Plaintiff has failed to carry its burden to demonstrate that a finder of fact could determine Plaintiff's damages without speculation.

Under Georgia law, "[w]here a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which the jury . . . can calculate the amount of the loss with a reasonable degree of certainty." *MCI Commc'ns Servs. v. CMES, Inc.*, 728 S.E.2d 649, 651–52 (Ga. 2012) (quoting *Lester v. S.J. Alexander, Inc.*, 193 S.E.2d 860, 861 (Ga. Ct. App. 1972)). This rule applies in both tort and contracts claims. *See Emory Healthcare, Inc. v. Pardue*, 760 S.E.2d 674, 681 (Ga. Ct. App. 2014) (applying this rule to a negligence action); *Am. Infoage, LLC v. Only Sol. Software, LLC*, 870 S.E.2d 47, 51 (Ga. Ct. App. 2022) (applying the same rule to a contracts action). This means that "[t]he plaintiff bears the burden of proving its damages 'by evidence which furnishes the jury with sufficient data to enable them to calculate the amount with reasonable certainty. Proof of damages cannot be left to speculation, conjecture and guesswork.'" *AM. Infoage, LLC*, 870 S.E.2d at 50–51 (quoting *Olagbegi v. Hutto*, 740 S.E.2d 190, 193 (Ga. Ct. App. 2013)).

The crux of Plaintiff's claims is that the Defendant's failure to repair the sprinkler system prevented the fire from being extinguished sooner and caused the Plaintiff's damages. [Doc. 158 at 14]. In the motion before the Court, Defendant argues that Plaintiff has failed to provide any evidence that a properly functioning sprinkler system would have prevented or mitigated the damage caused by the fire.

7

[Doc. 156-1 at 23–25]. In response, Plaintiff asserts that no expert testimony is necessary to establish this fact because it is "within the common experience and understanding of the jury to conclude water from a building's fire sprinkler system suppresses a fire." [Doc. 158 at 12].

Plaintiff is correct that no expert testimony is necessary when an issue does not involve knowledge beyond a common juror's understanding. *See Hibiscus Assocs. Ltd. v. Bd. of Trustees of Policemen & Firemen Ret. Sys.*, 50 F.3d 908, 917 (11th Cir. 1995). The Court also agrees that jurors can use their common sense to deduce that a functioning sprinkler system should reduce damage from a fire. However, simply because a jury could decide that the lack of a functioning sprinkler system was a proximate cause of some of Plaintiff's damages does not mean that jury can use its common sense to determine **how much** of the damage to attribute to that cause. Here, Plaintiff provides no evidence whatsoever from which a juror could determine to what degree a functioning sprinkler system would have prevented or mitigated the damage. Even if a jury concluded through common experience that a functioning system would have reduced Plaintiff's damages, the jury would be left to speculate as to what percentage of Plaintiff's total loss the sprinkler system would have prevented.

Plaintiff argues that this Court previously found that expert testimony was not required for a jury to find that fire prevention equipment would have reduced a

8

plaintiff's damages. [Doc. 158 at 13]; *see Encompass Indem. Co. v. Ascend Techs., Inc.*, No. 1:13-CV-02668-SCJ, 2015 WL 10582168, *10 (N.D. Ga. Sept. 29, 2015). The Court does not disagree with this holding. In *Encompass*, this Court held that "Georgia courts agree that proximate cause in fire-spread cases do not always require expert testimony." *Id.* (citing *Crawford v. State*, 732 S.E.2d 794, 801 (Ga. Ct. App. 2012)). The Court finds this holding distinguishable because Plaintiff is not asking the jury to use its common knowledge to conclude merely that a fire spread more than it would have with a functioning sprinkler system. Rather, the Plaintiff is asking a jury to conclude how much of the total damages was due to the lack of a functioning sprinkler system.[2] Plaintiff has provided no evidence to assist jurors in drawing that conclusion to a reasonable degree of certainty.

Plaintiff's own expert testimony supports this holding, rather than the position advocated by the Plaintiff. Deputy Fire Chief Terry Mills stated that a functioning sprinkler system is intended to either "extinguish or hold [a fire] in check until the fire department can arrive." [Doc. 172 at 6]. However, this testimony also fails to provide a jury with any evidence to determine what percentage of Plaintiff's damages a functioning sprinkler system would have mitigated. Furthermore, Deputy

---

[2] One might argue that the Plaintiff seeks to hold the Defendant responsible for all the damages it suffered, even though the fire would necessarily have existed even before the sprinkler system would activate. This it cannot do. Under Plaintiff's theories of liability, the Defendant could not be liable for any damage which would have been suffered even if the sprinkler system was operational.

9

Chief Mills also testified that he did not know whether the sprinkler system at issue here would have prevented or lessened the fire. [Doc. 156-1 at 5–6]. As such, the Court finds that a jury would not be able to decide how much of Plaintiff's damages were attributable to the lack of a functioning sprinkler system without additional evidence. And, Plaintiff provides no other evidence in that regard.

## IV. Conclusion

Plaintiff has provided no evidence by which a jury could reasonably calculate damages in this case. Accordingly, Defendant's motion for summary judgment [Doc. 156] is **GRANTED**.

**IT IS SO ORDERED**, this 17th day of May, 2023.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

**DOCUMENT 175**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

CLEAN SWEEP PRODUCTS, INC.,
Plaintiff,

vs.

CHAMPIONS OF CALHOUN, LLC.,
Defendant.

CIVIL ACTION FILE

NO. 4:20-cv-227-WMR

## J U D G M E N T

This action having come before the court, Honorable William M. Ray, II, United States District Judge, for consideration of Defendant's Motion for Summary Judgment, and the court having granted said motion, it is

**Ordered and Adjudged** that the plaintiff take nothing; that the defendant recover its costs of this action, and the action be, and the same hereby is, **dismissed**.

Dated at Rome, Georgia, this 17th day of May, 2023.

KEVIN P. WEIMER
CLERK OF COURT

By:  s/ T. Schoolcraft
Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
May 17, 2023
Kevin P. Weimer
Clerk of Court

By: s/ T. Schoolcraft
     Deputy Clerk

# DOCUMENT 176

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| CLEAN SWEEP PRODUCTS, INC., | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action |
| CHAMPIONS OF CALHOUN, LLC | ) ) | File No. 4:20-cv-00227-WMR |
| Defendant. | ) ) | |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff Clean Sweep Products, Inc. appeals to the United State Court of Appeals for the Eleventh Circuit from the Order and final judgment entered on May 17, 2023 granting Defendant Champions of Calhoun, LLC's Motion for Summary Judgment [Doc. 174].

Respectfully submitted this 31st day of May, 2023.

/s/ Ramsey A. Knowles
Ramsey A. Knowles
Georgia Bar No.: 426726
rknowles@knowlesgallant.com
/s/ Jared K. Hodges
Jared K. Hodges
Georgia Bar No.: 225385
jhodges@knowlesgallant.com
*Counsel for Clean Sweep Products, Inc.*

KNOWLES GALLANT TIMMONS LLC
6400 Powers Ferry Road – Suite 350
Atlanta, Georgia 30339
Telephone: (404) 590-3533

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2023, a true copy of the foregoing Notice of Appeal has been filed with the Court utilizing its CM/ECF system, which will transmit a notice of said electronic filing to all counsel of record registered with the Court, and that a true copy of the foregoing was served via electronic mail to Zack Lewis at zlewis@boviskyle.com.

/s/ Jared K. Hodges
Jared K. Hodges
Georgia Bar No.: 225385
jhodges@knowlesgallant.com
*Counsel for Clean Sweep Products, Inc.*

**CERTIFICATE OF SERVICE**

## Certificate of Service

I certify that the within and foregoing was served using the Court's CM/ECF system, which will automatically send notice of such filing to counsel, and will be sent via electronic mail to the following counsel of record, and by U.S. Mail and email to those who are not CM/ECF participants:

| | |
|---|---|
| Michael D. Stacy | Zack Lewis |
| mstacy@boviskyle.com | zlewis@boviskyle.com |

Respectfully submitted this 18th day of July, 2023.

                                   */s/ Ramsey A. Knowles*
                                   Ramsey A. Knowles
                                   Ga. Bar No.: 426726
                                   */s/ Jared K. Hodges*
                                   Jared K. Hodges
                                   Ga. Bar No.: 225385